*Stay granted*
*pending further order.*
*Clerk to schedule conference*
*10/26/10.*

s/ Judge Raymond J. Dearie

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL

October 25, 2010

**By ECF and facsimile**
The Honorable Raymond J. Dearie
Chief Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Credico v. N.Y. State Bd. of Elections,* 10 Civ. 4555 (RJD) (CLP)

Dear Judge Dearie:

  You have advised all parties that you intend to enter a preliminary injunction today. For the reasons explained below, defendants respectfully request that this Court simultaneously stay the preliminary injunction at the time of its issuance pending defendants' appeal to the United States Court of Appeals for the Second Circuit. In the event that this Court enters the preliminary injunction without simultaneously ruling on this application for a stay, defendants intend to seek an emergency stay from the Second Circuit.

  Absent a stay, a preliminary injunction issued this close to Election Day would greatly harm the public interest by significantly disrupting the electoral process across New York State. As shown by the enclosed declarations of Douglas Kellner, Esq., James A. Walsh, and Skip DeBiase, as a matter of logistics it is not possible to reconfigure and reprint over fourteen million optical-scan ballots

Page 2

statewide by Election Day to list plaintiff Randy Credico on two separate lines on the ballot in the upcoming election for United States Senator.

Courts have recognized that the potential for disrupting the electoral process and confusing voters should weigh heavily in the equitable balance when "an impending election is imminent and a State's election machinery is already in progress." *Reynolds v. Sims*, 377 U.S. 533, 585 (1964) (observing that imminence of election and potential for disruption may justify declining to enter injunctive relief, even where legislative malapportionment is found). *Cf. Purcell v. Gonzalez*, 549 U.S. 1, 4-6 (2006) (discussing similar matters). In *Reynolds*, the Supreme Court stated that a court considering a request for immediate relief "is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles." *See also Page v. Bartels*, 248 F.3d 175, 195-96 (3d Cir. 2001) ("Federal court intervention that would create . . . a disruption in the state electoral process is not to be taken lightly."; "This important equitable consideration [goes] to the heart of our notions of federalism."). These consideration strongly support issuance of a stay of any injunctive relief ordered.

Page 3

For these reasons, defendants respectfully request that this Court enter a simultaneous stay pending appeal when the preliminary injunction is entered.

Respectfully Submitted,

Joel Graber
Assistant Attorney General
(212) 416-8645

*Of Counsel:*
Barbara D. Underwood
  Solicitor General
Richard P. Dearing
  Deputy Solicitor General

cc:     All counsel of record (via ECF)