UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

RANDY CREDICO, candidate of the Libertarian
Party and the Anti-Prohibition Party for the office
of United States Senator for the State of New York
(6-Year Term); MARK AXINN, as Chair and on
behalf of the Libertarian Party of New York, an
independent body, and individually; ANDREW
J. MILLER, as Chair and on behalf of the
Anti-Prohibition Party, an independent body, and
individually; and RICHARD COREY, a New York
resident and registered voter,

**MEMORANDUM & ORDER**
10 CV 4555 (RJD) (CP)

Plaintiffs,

-against-

NEW YORK STATE BOARD OF ELECTIONS,
and JAMES A. WALSH, DOUGLAS A. KELLNER,
EVELYN J. AQUILA, and GREGORY P. PETERSON,
in their official capacities as Commissioners of the
New York State Board of Elections,

Defendants.

------------------------------------------------------------------------X

DEARIE, Chief Judge.

Randy Credico is a candidate for the office of United States Senator for the State of New

York of both the Libertarian Party of New York (the "Libertarian Party") and the Anti-

Prohibition Party (the "APP") in New York's upcoming general election on November 2, 2010.

On October 25, I issued a Memorandum and Order (Docket Entry 12) enjoining defendants from

enforcing New York Election Law § 7.104.4(e), and directing defendants to certify the election

ballot so that Credico's name is placed on the ballot lines for both the Libertarian Party and the

APP. I then issued a stay of the injunction at defendants' request. (Docket Entry 13.)

The parties appeared before me yesterday afternoon. I conclude that defendants have

now come forward with sufficient evidence in the form of sworn affidavits from election

officials that compliance with my order is not logistically possible given the fact that the election is only a week away. Plaintiffs do not contest the veracity of defendants' affidavits. I have searched in vain for an appropriate remedy for plaintiffs. Plaintiffs propose that I order defendants to post "Supplemental Voting Instructions" at polling places across New York State that inform voters that although Credico appears on the ballot only on the Libertarian Party line, he remains a candidate of the APP, and that all votes cast for him will be counted as votes for both parties. I conclude that plaintiffs' proposed instructions do not add clarity to the electoral picture and may indeed trigger some confusion in the minds of voters not familiar with the pending controversy. I also conclude that the proposed instructions would disadvantage other candidates and political parties by calling attention to Credico's nomination. I decline to order their posting. Plaintiffs, of course, are free to reach voters in the general vicinity of polling places in any manner consistent with established law.

CONCLUSION

For the foregoing reasons, I hereby vacate my order to the extent that it enjoined defendants from enforcing New York Election Law § 7.104.4(e), and directed them to place Credico's name on the ballot lines for both the Libertarian Party and the APP. Vacation of my order is without prejudice to this case going forward on plaintiffs' claim that § 7.104.4(e) is unconstitutional.

SO ORDERED.

Dated: Brooklyn, New York
     October 27, 2010

                              s/ Judge Raymond J. Dearie

                              _____
                              RAYMOND J. DEARIE
                              United States District Judge